FILED
CLERK, U.S. DISTRICT COURT

OCT 2 8 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| BRYAN SCOTT SHUMWAY, | Case No. EDCV 07-01369 SVW (AN) |
| Petitioner, | **MEMORANDUM AND ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |
| v. | |
| MIKE S. EVANS, | |
| Respondent. | |

Before the Court is a petition for a writ of habeas corpus ("Petition") brought pursuant to 28 U.S.C. § 2254 by Bryan Scott Shumway ("Petitioner"), a state prisoner proceeding *pro se.* For the reasons discussed below, the Court finds the Petition is time-barred and therefore, it is dismissed with prejudice.

///

///

///

1

## I. BACKGROUND

2    The Petition raises one claim challenging his July 11, 2003, conviction and

3 related prison sentence of an aggregate term of sixteen years and eight months in state

4 prison that he sustained following a guilty plea in the San Bernardino County Superior

5 Court (No. FVI011354).  (Pet. 2; Mem. P. & A. ("Mem.") 1; Official records of

6 California courts.[1])

7    Petitioner waived his right to appeal his judgment of conviction as part of the

8 plea agreement, therefore, he never filed a petition for review with the California

9 Supreme Court. (Pet. 2-3; Official records of California courts.)  On April 13, 2007,

10 Petitioner constructively[2] filed a habeas petition with the San Bernardino County

11 Superior Court (No. SWHSS9436)[3] that was denied on April 27, 2007.  (Pet. 4-5;

12

---

13    [1]  The Court takes judicial notice of Petitioner's records in the San Bernardino
14 County Superior Court and state appellate court, which are available on the Internet
   at www.co.san-bernardino.ca.us/courts/and http://appellatecases.courtinfo.ca.gov. *See*
15 *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial
16 notice of relevant state court records in federal habeas proceedings).

17    [2]  Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is
18 deemed to be filed on the date the prisoner delivers the petition to prison authorities
   for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379
19 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule also
20 applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201
   (9th Cir. 2003).  The petition presented to the San Bernardino Superior Court was filed
21 by the clerk on April 25, 2007.  Petitioner asserts he constructively filed this first state
22 petition twelve days earlier, on April 13, 2007, but the attached "copy" of the petition
   ambiguously reflects purported filing dates of April 13, 2007, and June 9, 2007.
23 Further, no proof of service is attached that verifies the date the state petition was
24 actually delivered to prison authorities for mailing.  Regardless, for purpose of the
   timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he
25 constructively filed the petition on April 13, 2007.

26    [3]  San Bernardino County Superior Court record establishes that the actual
27 case number is SWHSS9436, and not WHC009436 as reported in the Petition.
28                                                              (continued...)

1  Official records of California courts.) On May 9, 2007, Petitioner constructively filed

2  a motion for reconsideration that was denied on June 13, 2007. (Pet. 5, Ex. A at 11.)

3  Next, on June 9, 2007, Petitioner constructively filed a habeas petition in the

4  California Court of Appeal (No. E043401) that was denied on July 10, 2007. (Pet. 4,

5  Ex. A at 4.) Finally, on July 23, 2007, Petitioner constructively filed a habeas petition

6  with the California Supreme Court (No. S154780) that was denied on September 12,

7  2007.[4/] (Pet. 4, Ex. A.)

8       On October 4, 2007, Petitioner constructively filed the pending Petition. (Pet.

9  8.) Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge

10  found the face of the Petition, exhibits, and relevant state court records plainly

11  disclosed that this action was barred by the one-year statute of limitations of the Anti-

12  Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C.

13  §2244(d)(1)(A). Accordingly, on November 5, 2007, the Magistrate Judge issued an

14  order to show cause that notified Petitioner the action appeared to be time-barred

15  absent some other basis for tolling or an alternative start to AEDPA's one-year

16  limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D). (*See* Nov. 5, 2007 Order to

17  Show Cause Re Dismissal of Habeas Petition As Time-barred ("OSC")). The OSC

18  discussed various bases for tolling and directed Petitioner to show cause why the

19  action was not time-barred by filing a written response by November 26, 2007. (OSC

20  8:11-25.) The OSC warned Petitioner that his failure to file a timely response to the

21  OSC would result in a waiver of his right to respond to the OSC, and that his Petition

22  would be dismissed with prejudice as time-barred without further notice. (OSC 9:1-6.)

23

---

24      [3/]  (...continued)

25  (*Compare* Pet. 4 *with* Official records of California courts.)

26      [4/]  The Petition indicates the California Supreme Court denied the habeas

27  petition on July 31, 2007 (Pet. 4), however, a copy of the California Supreme Court
decision attached to the Petition confirms the state habeas petition was denied on

28  September 12, 2007. (Pet. 4, Ex. A at 29; Official records of California courts.)

1   Petitioner did not file a response to the OSC. Therefore, on March 10, 2008, the
2   Court entered its Judgment dismissing the Petition with prejudice as time-barred for
3   the reasons set forth in the Magistrate Judge's Memorandum and Order. (*See* Mar. 10,
4   2008 Mem. & Order; Judgment; Docket Nos. 5, 6.)   Subsequently, on March 19,
5   2008, Petitioner filed a post-judgment motion to quash judgment, which was construed
6   as a Fed. R. Civ. P. 60(b)(1) Motion ("Motion").   The Motion was made on the
7   grounds that Petitioner never received the OSC (Docket No. 7.)   An investigation
8   disclosed the OSC was not served due to a mistake caused by the Court's electronic
9   docketing system. Accordingly, on May 22, 2008, the Court granted the Motion and
10  vacated the Judgment and related Memorandum and Order.   (*See* May 22, 2008
11  Minute Order; Docket No. 12.) Petitioner was then given twenty (20) days from the
12  date of the 5/22/08 Order to file a response to the OSC. (*Id.*)   On June 12, 2008,
13  Petitioner timely filed his response to the OSC ("OSC Response").   The matter now
14  stands submitted.
15
16                              **II. DISCUSSION**
17  **A.    Standard of Review**
18       Rule 4 of the Rules Governing Section 2254 Cases in the United States District
19  Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is
20  assigned" is required to examine the petition promptly and "[i]f it plainly appears from
21  the face of the petition and any exhibits annexed to it that the petitioner is not entitled
22  to relief in the district court, the judge shall make an order for its summary dismissal
23  and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides
24  "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus,
25  and if it plainly appears from the face of the petition and any exhibits annexed to it
26  that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed
27  order for summary dismissal and submit it and a proposed judgment to the District
28  Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed

1    *sua sponte*, however, the district court must give the petitioner adequate notice and an

2    opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10,

3    126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

4    **B.**    **Statute of Limitations**

5       The Petition is governed by AEDPA, which establishes a one-year statute of

6    limitations for state prisoners to file a habeas petition in federal court, because the

7    Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. §

8    2244(d)(1); *See Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997);

9    *Fields v. Brown*, 503 F.3d 755, 763 (9th Cir. 2007). In most cases, the limitation

10    period begins to run from "the date on which the judgment became final by conclusion

11    of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

12    2244(d)(1)(A).

13       As discussed above, Petitioner never sought direct review after he entered his

14    guilty plea on July 11, 2003, and was sentenced on August 22, 2003. (Pet. 2.)

15    Therefore, for purposes of AEDPA's limitation period, his judgment became final on

16    October 21, 2003, the sixtieth day after his sentence was rendered and the date his time

17    for filing a Notice of Appeal expired. *See* Cal. R. Ct. 8.308(a) ("a notice of appeal

18    must be filed within sixty days after the rendition of the judgment or the making of the

19    order being appealed"); *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal.

20    2001)(where the petitioner did not appeal her conviction to the California Court of

21    Appeal, the conviction became final sixty days after she was sentenced). The

22    limitation period then started to run the next day, October 22, 2003, and ended a year

23    later on October 21, 2004. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*,

24    251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the

25    day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

26       Petitioner missed the deadline because he did not constructively file the pending

27    Petition until October 4, 2007 -- 1,078 days after the statute expired. Therefore, the

28    pending Petition is time-barred unless Petitioner is entitled to statutory or equitable

1  tolling, or an alternate start date to AEDPA's statute of limitations period under 28
2  U.S.C. § 2244(d)(1).

3  **C.    Statutory Tolling**

4  AEDPA's one-year limitation period may be tolled for "[t]he time during which
5  a properly filed application for State post-conviction or other collateral review with
6  respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  To
7  qualify for statutory tolling during the time the petitioner is pursuing collateral review
8  in the state courts, his first state habeas petition must be constructively filed *before*,
9  not after, the expiration of AEDPA's one-year limitation period. *Jiminez v. Rice*, 276
10  F.3d 478, 482 (9th Cir. 2001); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2001).

11  Additionally, AEDPA's limitations period is not tolled between the time a final
12  decision is issued on direct state appeal and the time a state collateral challenge is filed
13  because there is no case "pending" during that interval.  *Nino v. Galaza*, 183 F.3d
14  1003, 1006 (9th Cir. 1999).

15  Petitioner did not constructively file his first state habeas petition with the San
16  Bernardino County Superior Court until April 13, 2007, about thirty months after the
17  expiration of the limitation period. Consequently, Petitioner is not entitled to statutory
18  tolling for any of his state habeas petitions because they were all filed long after the
19  limitation period expired. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003)
20  (a state application for post-conviction relief does not revive the one-year limitation
21  period if it has already expired); *see also Jimenez*, 276 F.3d at 482.  Therefore, the
22  face of the Petition, Memorandum, attached exhibits, and state court records establish
23  that this Petition, constructively filed on October 4, 2007, is untimely by 1,078 days
24  (the amount of untolled time between the limitation deadline (10/21/04) and the
25  Petition's constructive filing date (10/4/07)).

26  ///
27  ///
28  ///

**D.   Alternative Start of the Statute of Limitations**

In his OSC Response, Petitioner interchangeably uses the terms "newly reckognized (sic) evidence," and "equitable tolling." (OSC Resp. 3.)   Regardless of how the claim for tolling or an alternative start date is characterized, the Petition is still time-barred for the reasons set forth below.

### 1.   State-Created Impediment

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).   The face of the Petition, Memorandum, exhibits, and OSC Response do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 2.   Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court.   28 U.S.C. § 2244(d)(1)(C).

Petitioner's sole sentencing error claim in the pending Petition is premised on the recent United States Supreme Court decision in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007) ("*Cunningham*"). (Pet. 5.)   Specifically, Petitioner argues the trial court's imposition of an upper term sentence based on facts that were neither found by the jury nor admitted by Petitioner violated his federal constitutional rights to a jury trial and proof beyond a reasonable doubt, citing to, among others, *Blakely v. Washington*, 542 U.S. 296 (2004),   *Apprendi  v. New Jersey*, 530 U.S. 466 (2000), and *United States  v. Booker*, 543 U.S. 220 (2005). (Pet. 5, Mem. 6-11; OSC

1   Resp. 3:10-28.)   Further, a close review of the allegations in the OSC Response

2   establish that Petitioner appears to principally contend that, although he "is not relying

3   on the 'retroactivity'" of *Cunningham*, he is entitled to some form of tolling or an

4   alternative start date partly because of *Cunningham* and "the effect the decision had

5   on" *Apprendi*, *Blakely*, and *Booker*.   (OSC Resp. 3:1-2, 18-22.)

6           Petitioner's reliance on *Cunningham*, *Apprendi*, *Blakely*, and *Booker* is

7   misplaced for the following reasons. First, *Cunningham* does not expressly state that

8   its holding is retroactive, and Petitioner has failed to show that *Cunningham* can be

9   applied retroactively on collateral review in spite of *Teague v. Lane*, 489 U.S. 288,

10  109 S. Ct. 1060 (1989).

11          Second, *Cunningham* does not toll or extend the limitations period under §

12  2244(d)(1)(C) because *Cunningham* did not announce a newly recognized

13  Constitutional right.   Instead, *Cunningham* merely applied the Supreme Court's

14  existing Sixth Amendment precedent, as construed by its holdings in *Apprendi*,

15  *Blakely*, and *Booker,* in a manner that dictated and effectuated a change in California's

16  determinate sentencing law ("DSL").   *Cunningham*, 127 S. Ct. at 871 ("[O]ur

17  decisions from *Apprendi* to *Booker* point to the middle term specified in California's

18  statutes, not the upper term, as the relevant statutory maximum. Because the DSL

19  authorizes the judge, not the jury, to find the facts permitting an upper term sentence,

20  the system cannot withstand measurement against our Sixth Amendment precedent.");

21  *see also, Butler v. Curry*, No. 07-56204, 2008 WL 2331440, at *1 (9th Cir. June 9,

22  2008) ("the result in *Cunningham* was clearly dictated by the Supreme Court's Sixth

23  Amendment case law, in particular by *Blakely* [citation omitted].").

24          Third, *Apprendi*, *Blakely*, and *Booker* are not helpful to Petitioner because none

25  of these cases apply retroactively to convictions or sentences that became final before

26  these decisions were issued.   *See Rees v. Hill*, 286 F.3d 1103, 1104 (9th Cir. 2002)

27  (holding the Supreme Court has not made *Apprendi* retroactive on collateral review);

28  *Schardt v. Payne*, 414 F.3d 1025, 1033-34, 1038 (9th Cir. 2005) (holding *Blakely* does

1   not apply retroactively to a conviction that was final before *Blakely* was decided);
2   *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004) ("the Supreme Court has not
3   made *Blakely* retroactive to cases on collateral review."); *Carrington v. U.S.*, 503 F.3d
4   888, 893 (9th Cir. 2007) ("'*Booker* is not retroactive, and does not apply to cases on
5   collateral review where the conviction became final as of the date of *Booker's*
6   publication.'").

7       As discussed above, Petitioner's conviction and sentence became final for
8   purposes of direct review on October 21, 2003. Consequently, Petitioner's judgment
9   became final after *Apprendi* was decided on June 26, 2000, but before *Blakely* and
10  *Booker* were decided on June 24, 2004, and January 12, 2005, respectively. To the
11  extent Petitioner appears to argue that his sentencing error claim is based upon
12  *Apprendi* as a newly recognized Constitutional right (OSC Resp. 3:26-4:1), the claim
13  is time-barred because the pending Petition was filed  more than six years after
14  *Apprendi* was decided. 28 U.S.C. § 2244(d)(1)(C) (the one-year limitation period
15  begins to run on the date which the new right was initially recognized by the United
16  States Supreme Court). Alternatively, to the extent his sentencing error claim is based
17  upon *Blakely* and *Booker*, the claim is foreclosed by *Schardt* and *Carrington* because,
18  as discussed above, *Blakely* and *Booker* are not retroactive on collateral review.

19      Therefore, the face of the Petition, Memorandum, exhibits, and OSC Response
20  do not set forth any facts showing that Petitioner is entitled to relief under this
21  provision.

22      **3.   Discovery of Factual Predicate**
23      AEDPA also provides that, in certain cases, its one-year limitation period shall
24  run from "the date on which the factual predicate of the claim or claims presented
25  could have been discovered through the exercise of due diligence." 28 U.S.C. §
26  2244(d)(1)(D). The face of the Petition, Memorandum, exhibits, and OSC Response
27  do not set forth any facts showing that Petitioner is entitled to relief based upon a late
28  discovery of the factual predicate.

Page 9

**E.    Equitable Tolling**

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The face of the Petition, Memorandum, exhibits, and OSC Response do not set forth any facts showing that Petitioner is entitled to equitable tolling.

# ORDER

The Court finds the Petition must be dismissed because it is time-barred for the reasons stated above and in the Court's November 5, 2007, OSC.  Further, by way of the OSC, the Court finds Petitioner has already received notice and an opportunity to show cause why the Petition should not be dismissed as time-barred. ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition is dismissed with prejudice.  The Clerk is directed to enter judgment dismissing the action with prejudice.  Any and all pending motions are terminated.

DATED *Octh. 2-7* 2008

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge

Page 10